# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| CITY OF NORTH LAS VEGAS, *et at.*, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2:19-cv-00955-GMN-DJA |
| vs. | ) | |
| | ) | **ORDER** |
| LEE EDWARD SZYMBORSKI, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Pending before the Court is Lee Edward Szymborski's Objection, (ECF No. 8), to the Honorable Magistrate Judge Daniel J. Albregts's Report and Recommendation ("R&R"), (ECF No. 7). The R&R recommends dismissal of this case because Szymborski has failed to file a complaint despite being warned on July 10, 2019, that failure to do so within thirty days would result in dismissal of the action without prejudice. (R&R 1:12–18); (Order, ECF No. 5) (ordering that Szymborski "file the complaint associated with this action within 30 days from the date of this order," and warning of dismissal).

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but only if, one or both parties file objections to the findings and recommendations."); Fed. R. Civ. P. 72, Advisory Committee Notes (1983).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16

In his Objection, Szymborski states he did not receive the Court's July 10, 2019 Order warning of dismissal because his mailbox had been physically damaged on several occasions around that time. (Obj. 2:5–16).  Szymborski adds that, due to not receiving the July Order, he did not know he failed to attach a complaint with past filings.  Yet, even after realizing this mistake and filing the Objection, Szymborski again failed to file a complaint—though he claims to have attached the complaint as Exhibit 1 to the Objection. (*See id.* 2:5) (referencing the "ATTACHED COMPLAINT," but the filing contains no attachments or exhibits).  And in the several months since Szymborski filed his Objection, he still has not corrected this deficiency.  Consequently, pursuant to this District's Local Rule IA 11-8, dismissal of this action is an available penalty based on his continued noncompliance with the Court's Orders. D. Nev. Local R. IA 11-8.  However, because dismissal is a harsh penalty, the Court will weigh five factors to determine the appropriateness of such action: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to [the party seeking sanctions]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Hester v. Vision Airlines, Inc.*, 687 F.3d 1162, 1169 (9th Cir. 2012) (quotation omitted).

17
18
19
20
21
22
23
24

Of the five factors, the first and second strongly favor dismissal here.  "Orderly and expeditious resolution of disputes is of great importance to the rule of law," and Syzmborski's actions are blatantly inconsistent with that expectation. *See In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006).  His failure to comply with the Court's Orders and failure to ensure that his filings comply with clear instructions have unnecessarily prevented any substantive progress in this case for over a year. (*See* Receipt of Initiating Documents, ECF No. 1) (filed on June 3, 2019).  This failure has caused the Court to expend time and resources that could have gone to other matters deserving of attention.

25

However, after considering the third, fourth, and fifth factors, the Court finds that Szymborski should have one final attempt to file a complaint in this action before dismissal occurs. None of the other parties in this case have appeared yet; and thus, the Court does not find that the current delay creates a risk of prejudice to other parties worthy of dismissal at this time. Disposing of this case on the merits further weighs against dismissal—but only minimally. *Cf. In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d at 1228 ("[T]his factor [of disposition on the merits] lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction.") (quotations omitted). Lastly, based on Szymborski's representation that he "has never received any notice prior to the [R&R]" about the possibility of dismissal for failing to file a complaint, one final warning is appropriate.

Szymborski will have ten days to file a complaint in this case. This timeframe is more than sufficient to file the already-drafted complaint that Szymborski claims to have attached to prior filings. Accordingly,

**IT IS HEREBY ORDERED** that the Court **ADOPTS in part** the Honorable Magistrate Judge Daniel J. Albregts's Report and Recommendation, (ECF No. 7). Szymborski has ten days from the date of this Order to file a complaint in this case. Failure to do so will result in dismissal of the case without prejudice.

**DATED** this   29   day of June, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court